IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT LYNN FULLER, )
 )
        Petitioner, ) Civil Action No. 07-989
 )
    v. ) Magistrate Judge Bissoon
 )
ROBERT SHANNON, *et al.*, )
 )
        Respondents. )

## OPINION AND ORDER

Robert Lynn Fuller ("Fuller" or "Petitioner"), a state prisoner, has filed a federal habeas petition pursuant to the provisions of 28 U.S.C. 2254. He challenges his March 31, 2000 state conviction of criminal homicide and related offenses for which he received a life sentence. On May 29, 1999, Fuller entered a home in Mercer County, Pennsylvania, armed with a sawed-off shotgun with the intention of threatening or killing a witness in an unrelated armed robbery case. Instead, he shot and killed 13 year old Jeremy Farrand who was watching television with two friends. Although neither surviving witness could identify Fuller as the shooter, numerous witnesses at trial testified to statements Fuller made, which were either explicit or implicit admissions of the crime (Doc. 7, Comm. Ex. Q, p. 2-3). These witnesses included Fuller's girlfriend, Regina Campbell, who drove Fuller to and from the neighborhood on the night of the crime and who heard the gunshot, and Larry Manning, a friend of Fuller's, who testified to incriminating statements Fuller made after the killing (Id.).

Fuller asserts that trial counsel rendered ineffective assistance during his state court trial by failing to:

1. object to the presentation of knowingly perjured testimony, or to the Commonwealth improperly vouching for a witness;

2. object when the Commonwealth withdrew its request for an accomplice liability instruction;

3. request a corrupt source charge;

4. object to the admission of photographs of the victim.

(Doc. 4, ¶12). The Commonwealth has responded to the petition, and it is now ripe for disposition.

1. **Exhaustion and Procedural Default**

Before reaching the merits of Petitioner's claims, the court must first determine whether constitutional and federal law issues have been fairly presented to the state courts through direct appeal, collateral review, or other available procedures for judicial review. Castille v. Peoples, 489 U.S. 346, 351 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir.1996); Burkett v. Love, 89 F.3d 135, 137 (3d Cir.1996). Here, the claims made by Petitioner are the same claims presented in his state court Post Conviction Relief Act ("PCRA") proceeding. These claims were rejected on the merits by both the PCRA court and on appeal by the Superior Court (Doc. 7, Comm. Ex. Q). Thus, the exhaustion requirement has been satisfied.

The Commonwealth asserts that Petitioner's claims are barred by the doctrine of procedural default. Federal habeas review is not available to a petitioner whose constitutional claims have not been addressed on the merits due to procedural default, unless a petitioner can demonstrate: 1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or 2) that failure to consider the claims will result in a fundamental miscarriage of

justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). However, as noted above, Petitioner's claims were addressed on the merits by the state courts. Therefore, there is no procedural bar to consideration of Petitioner's claims.

## 2. Merits

A federal court may not issue a writ of habeas corpus unless it concludes that the state court's adjudication resulted in a decision that is "contrary to," or an "unreasonable application of," clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). "Under §2254(d)(1)'s unreasonable application clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000).

Further, a federal court must accord a presumption of correctness to a state court's factual findings, which a petitioner can rebut only by clear and convincing evidence pursuant to 28 U.S.C. § 2254(e). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Fuller's claims are each framed in the context of ineffective assistance of trial counsel. The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." Lockhart v. Fretwell, 506 U.S. 364, 368 (1993) (quoting Strickland v. Washington, 466 U.S. 668, 684 (1984)). The Supreme Court has formulated a two-part test for determining whether counsel rendered constitutionally ineffective assistance: 1) counsel's performance was unreasonable; and 2) counsel's unreasonable performance actually prejudiced the defense.

Strickland, 466 U.S. at 687. To determine whether counsel performed below the level expected from a reasonably competent attorney, it is necessary to judge counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct. Strickland, 466 U.S. at 690.

The first prong of the Strickland test requires a defendant to establish that his or her attorney's representation fell below an objective standard of reasonableness by committing errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 688. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the totality of the circumstances, the challenged action "might be considered sound trial strategy." Id. at 689. The question is not whether the defense was free from errors of judgment, but whether counsel exercised the customary skill and knowledge that normally prevailed at the time and place. Id.

The second prong requires a defendant to demonstrate that counsel's errors deprived him or her of a fair trial and the result was unfair or unreliable. Strickland, 466 U.S. at 689. To prove prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694 (emphasis added). A "reasonable probability" is one that is sufficient to undermine confidence in the outcome. Id.[1]

---

[1] The Pennsylvania standard, applied by the state courts, is not itself contrary to or an unreasonable application of Strickland. Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000).

4

**A. Counsel was ineffective for failing to object to the presentation of knowingly perjured testimony, or to the Commonwealth improperly vouching for a witness.**

Fuller argued in the state court that the Commonwealth knowingly presented perjured testimony from his girlfriend, Regina Campbell, and his friend Larry Manning. He also argued that the Commonwealth improperly vouched for these witnesses during closing arguments. The PCRA court found that these claims lacked merit, and the Superior Court affirmed on the following basis:

> Called as a witness for the prosecution, Campbell admitted that she drove Fuller to the neighborhood where the murder occurred and that she was waiting in her car when she heard the fatal shot. She denied involvement in the crime or knowledge of what transpired between the time Fuller left her car and the time he returned, and claimed that he instructed her, "Don't ask," when he returned to the car. Admittedly, there were inconsistencies in Campbell's testimony, to the point that, on re-direct, the Commonwealth declared her a hostile witness and engaged in cross-examination of its own witness. Despite Fuller's contention to the contrary, the Commonwealth did not vouch for her credibility during closing arguments. Rather, the Commonwealth stated that it would continue its investigation to determine whether Campbell should be charged in some capacity in relation to the event surrounding the death of Jeremy Farrand.
>
> Manning, on the other hand, admitted that he told two different stories to the police about his interactions with Fuller and acknowledged that he was facing assault charges at the time he gave a statement adverse to Fuller. He also acknowledged that he received probation but did not consider this a "deal" for giving a statement against Fuller's interests.

(Doc. 7, Comm. Ex. Q, pp. 4-5). The Superior Court, relying on the PCRA court's findings that the Commonwealth had not presented perjured testimony, and that no vouching had occurred, affirmed, finding that any objection on counsel's part would have been futile.

First, the state court's findings that while the witnesses presented sometimes inconsistent testimony that was subjected to cross-examination, the Commonwealth did not knowingly present false testimony, are findings that are presumed to be correct. Fuller has not rebutted

them with clear and convincing evidence. In fact, a review of the record supports the state court's findings. Thus, any objection on counsel's part would have lacked a factual foundation, and would have been overruled. Counsel cannot be found ineffective for failing to raise a meritless claim. Diggs v. Owens, 833 F.2d 439, 446 (3d Cir.1987). Accordingly, the state court's holding is neither contrary to nor an unreasonable application of the Strickland standard, and these claims do not warrant relief.

### B. Counsel was ineffective for failing to object when the Commonwealth withdrew its request for an accomplice liability instruction.

The Superior Court noted that trial counsel objected to an accomplice liability charge when the Commonwealth initially requested one. It therefore found that trial counsel had a reasonable basis for not objecting to the lack of such a charge. Indeed, it would have been inconsistent for counsel both to object to the charge, and then to insist that it be given after the Commonwealth withdrew its request. "As the PCRA court correctly determined, the defense strategy throughout the trial, including during Fuller's own testimony, was Fuller's innocence. To acquiesce to a charge of accomplice liability would have been inconsistent with the defense strategy." (Doc. 7, Comm. Ex. Q, p. 6). The state court's determination that trial counsel had a strategy that he employed is a question of fact supported by the record, and Fuller has not presented clear and convincing evidence that it was incorrect. Berryman v. Morton, 100 F.3d 1089, 1095 (3d Cir.1996); 28 U.S.C. § 2254(e)(1).

On the other hand, the reasonableness of the strategy employed by trial counsel involves the application of legal principles and goes to the performance prong of the Strickland test. Morton, 100 F.3d at 1095. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the totality of the circumstances, the challenged action

6

"might be considered sound trial strategy." Strickland, 466 U.S. at 689. The question is not whether the defense was free from errors of judgment, but whether counsel exercised the customary skill and knowledge that normally prevailed at the relevant time and place. Id. Here, the state court's conclusion that counsel had a strategy supporting his decision for not objecting is binding on this court. And, the legal conclusion that counsel engaged in sound trial strategy is not an unreasonable application of controlling law since it would have been inconsistent to both deny that Fuller was in any way involved in the killing, and insist that an instruction be given on accomplice liability.

### C. Counsel was ineffective for failing to request a corrupt source charge concerning testimony from Commonwealth witnesses.

The Superior Court rejected this claim on the basis that Pennsylvania law permits a "corrupt source" charge to the jury only when a witness against a defendant is an accomplice of the defendant. (Doc. 7, Comm. Ex. Q at 7), citing, Commonwealth v. Williams, 732 A.2d 1167 (Pa. 1999). Therefore, any request by counsel for such a charge would have been inconsistent with Fuller's defense at trial. Again, the factual finding that counsel had a strategy supporting his decision to not request a corrupt source charge is supported by the record and Fuller has not presented clear and convincing evidence that it was wrong. Further, the legal conclusion that counsel's decision was sound trial strategy is not an unreasonable application of applicable federal law since, as noted above, Fuller defense was inconsistent with his having acted as an accomplice to someone else.

### D. Counsel was ineffective for failing to object to the use by the Commonwealth of photographs of the victim.

Counsel testified that he did not object to the use of the Commonwealth's two "least inflammatory" photographs of the victim, since Pennsylvania law permits the Commonwealth to

introduce photographs of a murder victim (Doc. 7, Comm. Ex. Q, p. 8). Again, the PCRA court found that counsel had a reasonable basis for his decision, and the Superior Court agreed. There are times when the graphic nature of evidence is such that admission thereof can deny a criminal defendant a fair trial; more specifically, this occurs when the probative value of the evidence, though relevant, is greatly outweighed by the prejudice to the accused from its admission. See Lesko v. Owens, 881 F.2d 44, 51-52 (3d Cir. 1989). Here, however, there is no evidence that the photos were so graphic as to cause an unfair trial. Further, counsel could reasonably conclude that, in light of Fuller's denial of involvement in the killing, the pictures would not greatly prejudice his client. Again, the state court's finding that counsel chose not to object as part of his trial strategy is a factual finding that is entitled to a presumption of correctness. The legal conclusion that this was a reasonable trial strategy is not an unreasonable application of controlling federal law.

### 3. Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). Because Fuller has not made such a showing, a certificate of appealability will be denied .

AND NOW, this 14th day of January, 2009,

IT IS HEREBY ORDERED that the instant petition is DISMISSED and a certificate of appealability is DENIED.

s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

cc:
ROBERT LYNN FULLER
EF-0065
SCI Frackville
1111 Altamont Boulevard
Frackville, PA 17931